United States District Court
Southern District of Texas
**ENTERED**
August 17, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UVALDE MAVERICK GONZALES, A/K/A MAVERICK GONZALES, A/K/A MAVERICK GONZALEZ, § § § § *Plaintiff*, § § v. § § JUDGE JANSSEN, § § *Defendant*. § § § § | | CIVIL ACTION NO. H-21-2580 |

### MEMORANDUM OPINION AND ORDER

Uvalde Maverick Gonzales, a/k/a Maverick Gonzales, a/k/a Maverick Gonzalez, is a Fort Bend County pretrial detainee presently released on bond.  Proceeding *pro se* and seeking leave to proceed *in forma pauperis*, he filed this civil lawsuit against Fort Bend County Justice of the Peace Gary D. Janssen for monetary compensation.

Having screened the complaint as required by 28 U.S.C. § 1915(e)(2), the Court DISMISSES this lawsuit for the reasons shown below.

### *Background and Claims*

Plaintiff states that, on June 9, 2021, he attended a video hearing in "eviction court." He argues that Judge Janssen was a "tyrant" who ruled in favor of the property owner to evict plaintiff.  Plaintiff claims that he was "not guilty" and that the eviction order violated constitutional prohibitions against bills of attainder and *ex post facto* laws.  He proffers no

factual support for an alleged bill of attainder or *ex post facto* violation.  Plaintiff attached as an exhibit a waiver of criminal arraignment he signed on December 15, 2020, in *State v. Gonzalez*, Case No. 20-DCR-092667, a felony drug case pending against him in the 268th District Court of Fort Bend County.  He provides no explanation for inclusion of the exhibit or its significance, if any, to his claims against Judge Janssen.

Plaintiff seeks $2.5 million in damages against Judge Janssen.

## *Analysis*

### *Judicial Immunity*

It is long settled that judges are absolutely immune from liability for damages for judicial acts "that are not performed in clear absence of all jurisdiction, however erroneous the act[.]" *Johnson v. Kegans*, 870 F.2d 992, 995 (5th Cir. 1989).  The Fifth Circuit Court of Appeals weighs four factors in determining whether an act is judicial: (1) whether the specific act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or in an appropriate related space, such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity.  *See McAlestar v. Brown*, 469 F.2d 1280, 1282 (5th Cir. 1972).  These factors are construed broadly in favor of immunity. *Adams v. McIlhany*, 764 F.2d 294, 297 (5th Cir. 1985).

Plaintiff's sole claim against Judge Janssen is that he improperly ruled against him in an eviction proceeding.  Judge Janssen's role in that proceeding satisfies all the *McAlestar*

factors, and he is accordingly entitled to absolute judicial immunity in this case. Plaintiff's claims against Judge Janssen are DISMISSED WITHOUT PREJUDICE as barred by judicial immunity.

*Rooker-Feldman Doctrine*

Plaintiff's lawsuit challenges the validity of his state court eviction order, and constitutes an impermissible federal collateral attack on a state court civil order or judgment. Plaintiff cannot challenge the validity of a state court judgment or order for eviction in federal court because such challenges are prohibited by the *Rooker-Feldman* doctrine. *See Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983)).

The *Rooker-Feldman* doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005). The doctrine establishes that a federal court lacks subject matter jurisdiction when, as here, issues in federal court are "inextricably intertwined" with a final state court order or judgment. *Davis v. Bayless,* 70 F.3d 367, 375 (5th Cir. 1995). Under this doctrine, "federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts." *Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000) (internal

3

quotations and footnotes omitted). In other words, "if a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court," then, "*Rooker–Feldman* bars subject matter jurisdiction in federal district court." *Truong v. Bank of Am., N.A.*, 717 F.3d 377, 382–83 (5th Cir. 2013).

Plaintiff's conclusory and unsupported challenge to the civil court eviction order or judgment falls squarely within the parameters of *Rooker-Feldman*, and must be dismissed as frivolous and for failure to raise a viable claim for relief. *See Kastner v. Texas Bd. of Law Examiners*, 408 F. App'x 777, 779, 2010 WL 4347914 (5th Cir. 2010) (per curiam) (concluding that the district court was correct to dismiss a complaint barred by the *Rooker/Feldman* doctrine as frivolous); *Gant v. Texas*, 123 F. App'x 622, 2005 WL 419505 (5th Cir. 2005) (per curiam) (same).

## *Conclusion*

For the above reasons, this lawsuit is DISMISSED WITHOUT PREJUDICE as frivolous and for failure to state a viable claim for relief premised on judicial immunity. Any and all pending motions are DENIED AS MOOT.

Signed at Houston, Texas, on August 17, 2021.

_____
Gray H. Miller
Senior United States District Judge

4